Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CARLOS M. FIGUEROA TORRES **Recurrente** Vs. DPTO. CORRECCIÓN **Recurrida** | KLRA202300538 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección Querella Núm. SOBRE: Bonificaciones |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

El 18 de octubre de 2023, el Sr. Carlos M. Figueroa Torres (señor Figueroa o recurrente), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), compareció ante nos, por derecho propio, mediante una *Moción en Solicitud de Revisión Administrativa* […] y solicitó que le ordenemos al DCR a que le otorgara bonificaciones conforme a la Ley Núm. 66-2022. Cabe precisar que, el recurrente se limitó a solicitar lo antes expuesto y no formuló ningún señalamiento de error.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción por prematuro.

I.

**-A-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98

(2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La referida regla, en lo pertinente, dispone que:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).
>
> [...]
>
> (C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

Ahora bien, en lo pertinente al caso ante nos, cabe preciar que, el Art. 4.006(c) de la Ley Núm. 201-2003, según enmendada, mejor conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24(y)(c), establece que el Tribunal de Apelaciones tiene competencia para revisar las **"decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"**. (Énfasis nuestro) De igual forma, la Regla 56 de nuestro reglamento, claramente dispone que son objeto de revisión judicial "las resoluciones y providencias finales dictadas por organismos o agencias administrativas".

Por su parte, la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.,* delimita el alcance de la revisión judicial de las decisiones administrativas y en su Sección 4.2 dispone que la revisión administrativa ante el

Tribunal de Apelaciones se hará respecto a las **órdenes o resoluciones finales**, luego de que el recurrente haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente.

**-B-**

La Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, dispone que:

[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro).

Cabe señalar que dicho término de treinta (30) días para solicitar la revisión judicial ante este Tribunal es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende, no puede acortarse y tampoco es susceptible de extenderse. *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

II.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el señor Figueroa no recurre de un dictamen final emitido por el DCR.

Conforme al derecho que antecede, únicamente una persona que este adversamente afectada por **una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia** puede acudir en alzada ante nos dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos

de la copia de la notificación de la orden o resolución final de la agencia. En su recurso, el señor Figueroa indicó que acudió ante su sociopenal y al área de récord del DCR y estos le **mencionaron** que las bonificaciones que se conceden al amparo de la Ley Núm. 66-2022 eran para los confinados que se encontraban en libertad bajo palabra. Sin embargo, del expediente ante nuestra consideración no surge que el recurrente haya solicitado las correspondientes bonificaciones mediante una *Solicitud de Remedios Administrativos* ante el DCR. Así pues, tampoco tenemos ante nuestra consideración una determinación final emitida por el DCR atendiendo dicho asunto. En consecuencia, no tenemos jurisdicción para atender el recurso del recurrente hasta tanto el DCR emita un dictamen final a tales efectos por lo que nos encontramos forzados a desestimar el recurso de epígrafe por prematuro conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

III.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones